IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

v.  4:19-CR-00582-BRW
 4:22-CV-00413-BRW

JIMMY DO

### ORDER

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 34) is DENIED.

**I.  BACKGROUND**

Petitioner pled guilty to being a felon in possession of a firearm, and, on July 9, 2020, he was sentence to 110 months in prison.[1] He did not appeal.

In the pending motion, Petitioner asserts a claim of ineffective assistance of counsel based on an allegedly invalid indictment, based on *Rehaif v. United States*.[2]

**II.  DISCUSSION**

There is a one-year statute of limitations for actions brought under 28 U.S.C. § 2255.[3] Petitioner did not file an appeal, so his one-year period to file a § 2255 motion began on July 23,

---

[1] Doc. Nos. 26, 31.

[2] 139 S. Ct. 2191 (2019).

[3] 28 U.S.C. § 2255, ¶ 6.

1

2020[4] and expired on July 23, 2021.  The motion was filed on May 9, 2022.  Petitioner has provided no reasons that would warrant equitable tolling of the statute of limitations.[5]

Even if Petitioner's motion was timely filed, it is without merit. Although Petitioner asserts a claim for ineffective assistance, he does not specify what exactly his lawyer did that involved unreasonable professional judgment.[6] Assuming his argument is that he did not seek dismissal based on *Rehaif v. United States*,[7] Petitioner can establish neither deficient performance nor prejudice.[8]  First, the motion would have been meritless. A lawyer's failure to raise frivolous arguments does not support an ineffective assistance claim.[9]  Second, the indictment plainly states that Petitioner "had previously and knowing been convicted" of a felony.[10] Third, Petitioner admitted he was a felon when he pled guilty. Finally, he had previously been sentenced to and served over a year in prison on several different occasions before pleading guilty in this case.[11]

---

[4]Unappealed federal criminal judgments become final when the time for filing a direct appeal expires.  See *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005).  The time for filing a notice of appeal in a criminal case is 14 days after the entry of the judgment.  See FED. R. CRIM. P. 4(b)(A).

[5]See *United States v. Martin*, 408 F.3d 1089 (8th Cir. 2005).

[6]*Strickland v. Washington*, 466 U.S. 668, 688-694 (1984) (holding that a defendant must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment and establish prejudice).

[7]*Rehaif v. United States*, 139 S. Ct. 2191 (2019).

[8]To prevail on an ineffective assistance of counsel claim, a petitioner must establish both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 688-690 (1984).

[9]*Strickland v. Washington*, 466 U.S. 668, 689 (1984).

[10]Doc. No. 3.

[11]*United States v. Welch*, 951 F.3d 901, 907 (8th Cir. 2020) (finding that, following *Rehaif*, the defendant could not show his substantial rights were affected because he had previously "received and served several prison sentences longer than one year for felony

## CONCLUSION

For the reasons set out above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 34) is DENIED.

IT IS SO ORDERED this 10th day of May, 2022.

<u>Billy Roy Wilson</u>
UNITED STATES DISTRICT JUDGE

---

convictions").